CT Corporation

**Service of Process Transmittal**
05/31/2012
CT Log Number 520604675

**TO:**   Hattie Booth
Allstate Insurance Company
2775 Sanders Road, Corp Litigation --A2East
Northbrook, IL 60062-6127

**RE:**   **Process Served in Tennessee**

**FOR:**   ALLSTATE INSURANCE COMPANY (Domestic State: IL)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Shane Jackson and Catherine Jackson, Pltfs. vs. Allstate Insurence Company and Huntingdon Insurance Agency, Dfts. |
| **DOCUMENT(S) SERVED:** | Letter, Summons, Complaint |
| **COURT/AGENCY:** | Carroll County Circuit Court, TN<br>Case # 12CV23 |
| **NATURE OF ACTION:** | Insurance Litigation - Policy benefits claimed for personal injuries received as a result of an electrical fire on April 27, 2010 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Knoxville, TN |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 05/31/2012 postmarked on 05/24/2012 |
| **JURISDICTION SERVED :** | Tennessee |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days from the date this summons is served upon you |
| **ATTORNEY(S) / SENDER(S):** | Gregory W. Minton<br>Minton & Associates, P.C.<br>138 Carriage House Drive<br>Jackson, TN 38305<br>731-554-1529 |
| **REMARKS:** | Please note that documents were served on the Department of Commerce and Insurance of Tennessee on May 24, 2012 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 05/31/2012, Expected Purge Date: 06/05/2012<br>Image SOP<br>Email Notification, Patti Cummings pgarq@allstate.com<br>Email Notification, Bill Boodro wboodro@allstate.com |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br><br><br>**TELEPHONE:** | C T Corporation System<br>Amy McLaren<br>800 S. Gay Street<br>Suite 2021<br>Knoxville, TN 37929-9710<br>800-592-9023 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

**STATE OF TENNESSEE**
**Department of Commerce and Insurance**
**500 James Robertson Parkway**
**Nashville, TN 37243-1131**
**PH - 615.532.5260, FX - 615.532.2788**
**robert.walker@tn.gov**

May 24, 2012

Allstate Insurance Company                          Certified Mail
800 S. Gay Street, Ste 2021, % C T Corp.            Return Receipt Requested
Knoxville, TN  37929-9710                           7011 0470 0000 5069 8622
NAIC # 19232                                        Cashier # 3024

Re:    Shane And Catherine Jackson   V.   Allstate Insurance Company

       Docket # 12Cv23

To Whom It May Concern:

Pursuant to Tennessee Code Annotated § 56-2-504 or § 56-2-506, the Department of Commerce and Insurance was served May 02, 2012, on your behalf in connection with the above-styled proceeding.  Documentation relating to the subject is herein enclosed.

Joe Walker
Designated Agent
Service of Process

Enclosures

cc: Circuit Court Clerk
     Carroll County
     99 Court Square, Ste 103
     Huntingdon, Tn  38344

| CARROLL County | CIVIL SUMMONS | Case Number |
|---|---|---|
| CIRCUIT | page 1 of 1 | 12 CV 23 |

Shane Jackson & Cathrine Jackson   Vs.   Allstate Insurancy Company & Huntingdon Insurance Agency

Served On:

Allstate Insurance % Commissioner of Insurance, 500 James Robertson Pkwy Nashville TN 37243
Company

You are hereby summoned to defend a civil action filed against you in Circuit Court, Carroll County, Tennessee. Your defense must be made within thirty (30) days from the date this summons is served upon you. You are directed to file your defense with the clerk of the court and send a copy to the plaintiff's attorney at the address listed below. If you fail to defend this action by the below date judgment by default can be rendered against you for the relief sought in the complaint.

Issued: _____

FILED   1:03

CASE # _____

A.M.   APR 2 6 2012   P.M.

Clerk / Deputy Clerk

Attorney for Plaintiff: Gregory W Minton
938 Catriege House Dr. Jackson TN 38305

BERTHA TAYLOR, CLERK
CARROLL CO CIRCUIT CLERK
BY _____

## NOTICE OF PERSONAL PROPERTY EXEMPTION

TO THE DEFENDANT(S): Tennessee law provides a four thousand dollar ($4,000) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for your self and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. Please state file number on list.

Mail list to   _____, _____ Clerk, _____ County

## CERTIFICATION (IF APPLICABLE)

I, _____, _____ Clerk of _____ County do certify this to be a true and correct copy of the original summons issued in this case.

Date: _____

Clerk / Deputy Clerk

**OFFICER'S RETURN:** Please execute this summons and make your return within thirty days of issuance as provided by law.

I certify that I have served this summons together with the complaint as follows: _____

Date: _____   By: _____
Officer, Title

**RETURN ON SERVICE OF SUMMONS BY MAIL:** I hereby certify and return that on _____, I sent postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in the above styled case, to the defendant _____. On _____ I received the return receipt, which had been signed by _____ on _____. The return receipt is attached to this original summons to be filed by the Court Clerk.

Date: _____

Notary Public / Deputy Clerk (Comm. Expires _____ )

Signature of Plaintiff   Plaintiff's Attorney (or Person Authorized to Serve Process)
(Attach return receipt on back)

IF YOU HAVE A DISABILITY AND REQUIRE ASSISTANCE PLEASE CALL
1-731-986-1920

ADA: If you need assistance or accommodations, please call _____, ADA Coordinator, at (____)

ORIGINAL

Rev. 7/09

IN THE CIRCUIT COURT FOR CARROLL COUNTY, TENNESSEE AT HUNTINGDON

SHANE JACKSON and
CATHERINE JACKSON

       Plaintiff,

                                    Case No.: _____
                                    **JURY OF TWELVE DEMANDED**

ALLSTATE INSURANCE COMPANY
and HUNTINGDON INSURANCE AGENCY.

       Defendants.

---

## COMPLAINT FOR DAMAGES

    COMES NOW SHANE JACKSON AND CATHERINE JACKSON, Plaintiffs, (herein after "Plaintiffs" for her cause of action against Defendants, ALLSTATE INSURANCE COMPANY ("Allstate"), and Huntingdon Insurance Agency ("Huntingdon Insurance") (hereinafter "Defendants")and states as follows:

### THE PARTIES

1.  Shane Jackson and Catherine Jackson at all pertinent times hereto, are and were adult citizens and residents of Lavinia, Carroll County, Tennessee.

2.  At all pertinent times hereto upon information and belief, "Defendant", Allstate Insurance Company, was and is a domestic insurance company, authorized to do and doing business within the State of Tennessee in the city of Huntingdon, Carroll County, Tennessee.

3.  At all pertinent times hereto, "Defendant", Huntingdon Insurance Agency was and is an insurance agent with its office in and doing business in Huntingdon, Carroll County, Tennessee.

### ALLEGATIONS

1

4.      At all times pertinent hereto, Plaintiffs were the owner of a home at 2674 Highway 220,
        Lavinia, Tennessee 38348, which home and its contents were rendered a total loss as a result
        of an electrical fire on or about April 27, 2010.

5.      At all times pertinent hereto Plaintiffs and Defendants had entered into a contract of
        insurance, policy numbered 955 128 943, which Plaintiffs believe is comprised fully or
        partially by the policy of insurance and endorsements, attached hereto as Exhibit "A", ("The
        policy"), the terms and conditions of which are fully incorporated herein by reference.

6.      The losses sustained by Plaintiffs during the fire are covered by the plain terms of the policy
        and the policy was in full force and effect at the time of the occurrences and losses sustained
        by Plaintiffs.

7.      The Defendants have investigated and denied payment of all or a substantial amount of the
        claims made by Plaintiffs against Defendants pursuant to the terms and conditions of the
        policy.

8.      The fire was the cause of losses to Plaintiffs, which losses are covered losses and perils under
        the policy up to $111,695 for the damages to the dwelling, plus an additional $11,170 for
        dwelling insurance extension coverage, and $78,187 for personal property losses.

9.      As a result of the fire, Plaintiffs' personal property losses were up to approximately $ 8,000
        and roughly up to $ 74,466.22 for the total loss of the house and its appurtenances at 2674
        Highway 220 Lavinia Tennessee, 38348-2676..

10.     All of the aforementioned losses of Plaintiffs, fall within the scope of coverage provided by
        Defendants to Plaintiffs pursuant to the policy, and one or more of the defendants should be
        required to compensate Plaintiffs up and to the full amount of their losses sustained as a
        result of the fire.

11.     Defendant, Huntingdon Insurance Agency was the insurance agent, employed by Allstate or
        alternatively an independent insurance agent, responsible for ensuring the accuracy of the

2

representations made by Plaintiffs as relayed to one or more of the Defendants, at the time of procuring the policy through Huntingdon Insurance Agency.

12. Upon information and belief the agency operated by Defendant Huntingdon Insurance Agency may or may not have been owned by Defendant Allstate or may have been owned by Defendant Allstate doing business as Huntingdon Insurance Agency but for all further purposes herein, such entity will be referred to as the "Agency".

13. Sharon Bennett interviewed Plaintiffs during the process of Plaintiffs obtaining the policy, and pleading in the alternative, Plaintiffs aver that Sharon Bennett did not fully and accurately complete the application of Plaintiffs for the policy.

14. As Sharon Bennett was acting in the course and scope of her employment with Huntingdon Insurance Agency and the Allstate entity, at the time of the gathering of such information from the Plaintiffs, Defendants are vicariously liable for her acts and/or omissions and the resulting losses to Plaintiff from the denial of certain coverage to Plaintiffs by Defendant(s).

### COUNT I – BREACH OF CONTRACT

15. Plaintiffs hereby incorporates by reference paragraph into this Count I, 1 through 14 as if set forth herein *in extensio*.

16. The occurrence and/or series of occurrences causing Plaintiffs' losses were covered by the policy (contract) and the Defendants have failed to pay Plaintiffs monies they are due pursuant to the plain terms and conditions of the policy. Any ambiguities in the policy must be construed against the Defendants, pursuant to the doctrine of *Contra Preferentem*, and should be construed against the insurer and in favor of Plaintiffs.

17. As a direct and proximate cause of one or more of the Defendant(s)' breach of contract, Plaintiffs are entitled to one or more of the following elements of damages.

    a. Specific performance for one or more defendants to pay the full amounts due under the policy to Plaintiffs.

3

     b.     Damages in the monetary amount of Plaintiffs' property loss plus interest from the date of loss sustained by Plaintiffs as a result of the burglary and/or fire.

     c.     Such other damages as may be shown at the trial of this cause.

## COUNT II – BAD FAITH FAILURE OF INSURER TO PAY PURSUANT TO T.C.A. 56-7-105

18.     Plaintiffs hereby incorporates in this Count II by reference paragraph 1 through 17 above as if set forth herein *in extensio*.

19.     The aforementioned policy of insurance, by its terms, has become due and payable.

20.     One ore more of the Defendants owed Plaintiffs a duty of good faith pursuant to T.C.A. 56-7-105 in that "The insurance companies of this state, and foreign insurance companies and other persons or corporations doing an insurance or fidelity bonding business in this state, in all cases when a loss occurs and they refuse to pay the loss within sixty (60) days after a demand has been made by the holder of the policy or fidelity bond on which the loss occurred, shall be liable to pay the holder of the policy or fidelity bond, in addition to the loss and interest on the bond, a sum not exceeding twenty-five percent (25%) on the liability for the loss; provided, that it is made to appear to the court or jury trying the case that the refusal to pay the loss was not in good faith, and that the failure to pay inflicted additional expense, loss, or injury including attorney fees upon the holder of the policy or fidelity bond; and provided, further, that the additional liability, within the limit prescribed, shall, in the discretion of the court or jury trying the case, be measured by the additional expense, loss, and injury including attorney fees thus entailed.

21.     A formal demand for payment has been made by Plaintiffs.

22.     The Plaintiffs have waited 60 days after making such demand before filing this suit.

23.     The refusal of one or more of the Defendants to pay for losses of Plaintiffs was not in good faith.

24.     The aforementioned bad faith failure to pay entitles Plaintiffs to an award of penalties of 25%

of the amount of loss, plus interest to Plaintiffs on the underlying insurance breach of

contract and entitles Plaintiffs additional special damages which they have incurred as a

result of the bad faith failure to pay, including losses and injuries, mental and emotional

distress, special damages in the amount of amounts paid for alternative living arrangements

and replacement property and attorney's fees incurred by Plaintiffs in the prosecution of this

cause.

## COUNT III - VIOLATION OF THE TENNESSEE CONSUMER PROTECTION ACT, PURSUANT TO T.C.A. 47-18-101, et seq.

25.     Plaintiffs hereby incorporates in this Count III by reference paragraphs 1 through 24 above as

if set forth herein *in extensio*.

26.     The acquisition of the policy by Plaintiffs from or through one or more of the Defendant(s)

was a consumer transaction within the meaning of the Tennessee Consumer Protection Act.

27.     The failure of one or more of the Defendants to properly document the representations made

by Plaintiffs upon their applying for the policy constitutes an act or practice which is

deceptive within the meaning of the Tennessee Consumer Protection Act.

28.     Plaintiffs are entitled to all civil penalties authorized by the Tennessee Consumer Protection

Act as a result of the violation of same by one or more of the defendants.

29.     One or more of the Defendants violated the terms of the policy and/or deceived the Plaintiffs

about the terms of the policy or acted unfairly in denying the claims under the policy or in

making recklessly or intentionally inaccurate false or fraudulent accusations that Plaintiffs'

acts or omissions in some way voided the terms and provisions of coverage under the policy.

30.     The claims handling procedures of one or more of the Defendants are in violation of the

Tennessee Consumer Protection Act, and/or one or more of the Defendants have violated the

5

terms of the policy and/or deceived the Plaintiffs about the terms and provisions of the policy or otherwise has acted unfairly as may be shown at the trial of this matter.

31. In addition to the damages and relief to which Plaintiff are entitled pursuant to any other counts and causes of action set forth herein, Plaintiffs are entitled to punitive and/or treble damages, and/or reasonable attorney's fees incurred by Plaintiffs as a result one or more of the Defendant(s)' violation of the Tennessee Consumer Protection Act.

## COUNT IV – NEGLIGENCE AND VICARIOUS LIABILITY AGAINST DEFENDANT AGENCY

32. Plaintiffs hereby incorporates in this Count IV by reference paragraph 1 through 31 above as if set forth herein *in extensio*.

33. Sharon Bennett was negligent in her interview and completion of the application for insurance of Plaintiffs with one or more of the Defendant(s).

34. Sharon Bennett owed a duty of due care to Plaintiffs to properly assist them in completion of their application for insurance with Defendant Allstate and it was foreseeable that a negligent act or omission in the completion of such application could result in the losses of the types sustained by Plaintiffs from one or more of the Defendants' denial of coverage to Plaintiffs as aforementioned.

35. The aforementioned negligence and breach of duty of Sharon Bennett, while working in the course and scope of her employment with Huntingdon Insurance Agency (All State Insurance Agency) was the direct and proximate cause of damages to Plaintiffs, to wit:

   a. The amount of money Plaintiffs would have been paid for covered losses for which the insurer is denying coverage and payment, in event coverage had not been denied.

   b. Interest on the amount of monies which should have been paid from the date which such funds should have been paid to Plaintiffs until the date when such funds are actually paid to Plaintiffs.

6

c.    Mental and emotional distress and the negligent infliction thereof to Plaintiffs as a result of the negligent failure to properly complete the application for insurance as aforementioned.

d.    Special damages to the extent Plaintiffs have incurred any costs in procuring replacement property and a replacement residence when they would not have incurred such costs but for and as a proximate result of the fact that Allstate denied coverage for the full payment of losses incurred by Plaintiffs fire occurrence.

36.    Sharon Bennett  acting in the course and scope of their employment or agency relationship with one or more of the Defendants, negligently misrepresented to Plaintiffs the scope and nature of the information that they needed in order to properly complete an application for Plaintiffs' insurance coverage.

37.    Huntingdon Insurance Agency was at all pertinent times hereto representatives of the Defendants Allstate, and as such the latter Defendant is vicariously liable for the negligent acts and/or omissions of Sharon Bennett, and/or are directly liable to Plaintiffs if it is determined that Allstate had a non-delegable duty to Plaintiffs to assure that Plaintiffs' application for insurance and the determination of coverage denial to Plaintiffs were properly handled.

38.    Plaintiffs have incurred such other damages as may be proven at the trial of this cause and one or more of the Defendants engaged in such other acts of negligence directly and proximately caused by Defendant(s) which may be shown at the trial of this cause.

## COUNT V – CAUSES OF ACTION WHICH MAY BE DISCOVERED

39.    Plaintiffs hereby incorporates in this Count

40.    V by reference paragraph 1 through 38 above as if set forth herein *in extensio*.

41.    Plaintiffs reserve the right to assert such causes of action and Counts and claims against Defendants as may be determined through further investigation and discovery in this matter

7

and which relate to the transaction or series of transaction and occurrences set forth above and submits that the Court should allow for the amendment of this Complaint consistent with further investigation, discovery and/or the evidence presented at any hearing or trial of this cause.

42.   **Plaintiffs request trial by jury of twelve on all issues set forth herein.**

Wherefore, after due proceedings are had, Plaintiffs prays:

1.  That proper process be served upon the defendants requiring them to timely file an answer and otherwise appear and defend against this Complaint.

2.  That Defendant(s) be ordered to specifically perform their obligations under the policy and/or Plaintiffs be awarded damages in the amount to which they may show themselves entitled for Defendants breach of contract, bad faith failure to pay, violation of the Tennessee Consumer Protection Act, negligent misrepresentation, negligence, and gross negligence.

3.  That the Plaintiffs be awarded punitive damages.

4.  That the Plaintiffs be awarded treble damages pursuant the Tennessee Consumer Protection Act.

5.  That the Plaintiffs be awarded their reasonable attorney's fees, litigation and court costs of this action; including discretionary costs under Tenn. R. Civ. Proc. 54;

6.  That the Plaintiffs be awarded such further general relief to which they may be entitled pursuant to law or equity.

7.  **That the Plaintiff be allowed trial by jury of twelve on all issues set forth herein.**

Respectfully submitted:
MINTON & ASSOCIATES, P.C.

By: _____

Gregory W. Minton, BPR# 015584
Marc P. Murdaugh, BPR# 025984
James Stephenson JR, BPR #029413
138 Carriage House Drive
Jackson, TN 38305
(731) 554-1529
(731) 664-9051 – Facsimile

8

## COST BOND

I acknowledge myself surety for the costs of the above cause not to exceed the amount of Five-Hundred Dollars ($500.00).

MINTON & ASSOCIATES, P.C.

By:

Gregory W. Minton, BPR# 013584
Marc P. Murdaugh, BPR# 025984
James Stephenson, JR BPR# 029413

**CLERK:  PLEASE SERVE:**
Allstate Insurance Company
Care of:  Commissioner TN Dept of Commerce & Insurance
500 J Robertson Parkway
5th Floor
Nashville, TN 37243


**SHERIFF:  PLEASE SERVE:**
Huntingdon Insurance Agency – Agent
19706 East Main Street
Huntingdon, TN 38344

9

STATE OF TENNESSEE
DEPARTMENT OF COMMERCE AND INSURANCE
500 JAMES ROBERTSON PARKWAY
NASHVILLE, TENNESSEE 37243

CERTIFIED MAIL

FIRST CLASS

7011 0470 0000 5069 8622

7011 0470 0000 5069 8622          5/24/12
ALLSTATE INSURANCE COMPANY
800 S. GAY STREET, STE 2021, % C T CORP.
KNOXVILLE, TN  37929-9710

**IN THE CIRCUIT COURT FOR CARROLL COUNTY, TENNESSEE**
**AT HUNTINGDON**

**SHANE JACKSON and**
**CATHERINE JACKSON,**

        **Plaintiffs,**

**v.**                          **Docket No.**

**ALLSTATE INSURANCE**
**COMPANY, and HUNTINGDON**
**INSURANCE AGENCY,**

        **Defendants.**



FILED 2:44
CASE #
A.M.   JUL 2 5 2012  P.M.

BERTHA TAYLOR, CLERK
CARROLL CO. CIRCUIT CLERK
BY: Boyd

---

### ANSWER OF DEFENDANTS ALLSTATE INSURANCE COMPANY AND HUNTINGDON INSURANCE AGENCY

---

Come now Defendants Allstate Insurance Company and Huntingdon Insurance Agency, by and through counsel, and for Answer to Plaintiffs' Complaint would state and show unto this Court as follows:

### FIRST DEFENSE

Defendants would state that the allegations of Plaintiffs' Complaint fail to state a claim upon which relief may be granted.

### SECOND DEFENSE

Defendants respond to the allegations of Plaintiffs' Complaint paragraph by paragraph as follows:

1.    The first unnumbered paragraph of Plaintiffs' Complaint requires no response from these Defendants. To the extent a response is required said allegations are denied.

2.	The allegations of paragraph 1 of Plaintiffs' Complaint are admitted upon information and belief.

3.	The allegations of paragraph 2 of Plaintiffs' Complaint are admitted.

4.	The allegations of paragraph 4 of Plaintiffs' Complaint are admitted.

5.	The allegations of paragraph 4 of Plaintiffs' Complaint are admitted in part and denied in part.  It is admitted that Plaintiffs owned said home and that a fire occurred on or about April 27, 2010 causing damage to the structure and personal property.  It is denied that the fire resulted in a total loss.

6.	The allegations of paragraph 5 of Plaintiffs' Complaint are admitted upon information and belief.   To the extent that said allegations contradict the provisions of the policy of insurance at issue, they are denied.

7.	The allegations of paragraph 6 of Plaintiffs' Complaint are denied.

8.	The allegations of paragraph 7 of Plaintiffs' Complaint are admitted in part and denied in part.  It is admitted that Defendant Allstate Insurance Company performed an investigation into the loss at issue.  The remaining allegations are denied.

9.	The allegations of paragraph 8 of Plaintiffs' Complaint are admitted in part and denied in part.  It is admitted that a fire occurred causing loss to Plaintiffs. To the extent that the remaining allegations contradict the policy of insurance at issue, said allegations are denied.

10.	The allegations of paragraph 9 of Plaintiffs' Complaint are denied.

11.	The allegations of paragraph 10 of Plaintiffs' Complaint are denied.

12.     The allegations of paragraph 11 of Plaintiffs' Complaint are admitted in part and denied in part.    It is denied that Allstate employed Defendant Huntingdon and/or that

Defendant Huntingdon is responsible for ensuring the accuracy of the representations made by Plaintiffs. It is admitted that Defendant Huntingdon is an independent insurance agency. All remaining allegations are denied.

13.     The allegations of paragraph 12 of Plaintiffs' Complaint are denied.

14.     The allegations of paragraphs 13 and 14 of Plaintiffs' Complaint are denied.

15.     In response to paragraph 15 of Plaintiffs' Complaint, Defendants rely upon the responses to paragraphs 1 through 14 above.

16.     The allegations of paragraph 16 of Plaintiffs' Complaint are denied.

17.     The allegations of paragraph 17 of Plaintiffs' Complaint are denied, including all subparts thereto.

18.     In response to paragraph 18 of Plaintiffs' Complaint, Defendants rely upon the responses to paragraphs 1 through 17 above.

19.     The allegations of paragraph 19 of Plaintiffs' Complaint are denied as stated.

20.     The allegations of paragraph 20 of Plaintiffs' Complaint are denied.

21.     The allegations of paragraph 21 of Plaintiffs' Complaint are admitted upon information and belief.

22.     The allegations of paragraph 22 of Plaintiffs' Complaint are admitted upon information and belief.

23. The allegations of paragraph 23 of Plaintiffs' Complaint are denied.

24. The allegations of paragraph 24 of Plaintiffs' Complaint are denied.

25. In response to paragraph 25 of Plaintiffs' Complaint, Defendants rely upon the responses to paragraphs 1 through 24 above.

26. The allegations of paragraph 26 of Plaintiffs' Complaint are denied.

27. The allegations of paragraph 27 of Plaintiffs' Complaint are denied.

28. The allegations of paragraph 28 of Plaintiffs' Complaint are denied.

29. The allegations of paragraph 29 of Plaintiffs' Complaint are denied.

30. The allegations of paragraph 30 of Plaintiffs' Complaint are denied.

31. The allegations of paragraph 31 of Plaintiffs' Complaint are denied.

32. In response to paragraph 32 of Plaintiffs' Complaint, Defendants rely upon the responses to paragraphs 1 through 31 above.

33. The allegations of paragraph 33 of Plaintiffs' Complaint are denied.

34. The allegations of paragraph 34 of Plaintiffs' Complaint are denied.

35. The allegations of paragraph 35 of Plaintiffs' Complaint are denied, including all subparts thereto.

36. The allegations of paragraph 36 of Plaintiffs' Complaint are denied.

37. The allegations of paragraph 37 of Plaintiffs' Complaint are denied.

38. The allegations of paragraph 38 of Plaintiffs' Complaint are denied.

39. In response to paragraph 39 and 40 of Plaintiffs' Complaint, Defendants rely upon the responses to paragraphs 1 through 38 above.

40.    The allegations of paragraph 41 and 42 of Plaintiffs' Complaint require no response from these Defendants.  To the extent a response is required, said allegations are denied.

41.    In response to the last unnumbered paragraph of Plaintiffs' Complaint, including subparts 1 through 7, Defendants deny that Plaintiffs are entitled to any such relief requested.

42.    Any allegation of Plaintiffs' Complaint not heretofore admitted, denied or otherwise controverted is hereby denied and strict proof demanded thereof.

43.    Defendants demand a jury.

## THIRD DEFENSE

Defendants plead as an affirmative defense all provisions and defenses available under the policy of insurance at issue.

## FOURTH DEFENSE

Defendants plead as an affirmative defense the doctrine of accord and satisfaction.

## FIFTH DEFENSE

Defendants plead as an affirmative defense all payments made to Plaintiffs or on their behalf under the policy of insurance as a setoff to any recovery that may be had in this matter.

## SIXTH DEFENSE

Defendant Huntingdon pleads as an affirmative defense that it is not a party to the contract of insurance at issue and is, therefore, not liable in any respect on the same.

## SEVENTH DEFENSE

Defendants plead as an affirmative defense their good faith investigation and/or adjustment of Plaintiffs' claim negating any recovery that may be had under Tennessee Code Annotated section 56-7-105 and/or the Tennessee Consumer Protection Act.

Wherefore, having fully answered Plaintiffs' Complaint, Defendants request that said Complaint be dismissed with costs assessed to Plaintiffs.

Respectfully submitted,

RAINEY, KIZER, REVIERE & BELL, P.L.C.

By:_____

RUSSELL E. REVIERE (#07166)
JONATHAN D. STEWART (#23039)
Attorneys for Defendants
209 East Main Street
P. O. Box 1147
Jackson, TN 38302-1147
(731) 423-2414

## CERTIFICATE OF SERVICE

The undersigned certifies that a true copy of this pleading or document was served upon counsel Plaintiff:

Gregory W. Minton
Marc P. Murdaugh
James Stephenson, Jr.
138 Carriage House Drive
Jackson, Tennessee 38305
(731) 554-1529

by electronic service or by mailing postage prepaid or by delivery to the person or office of such counsel.

This the _24th_ day of July, 2012.

## RKRB   RAINEY ▪ KIZER ▪ REVIERE & BELL PLC

209 EAST MAIN STREET
POST OFFICE BOX 1147
JACKSON, TENNESSEE 38302-1147
731.423.2414
FAX: 731.426.8150

THOMAS H. RAINEY
JERRY D. KIZER, JR.
RUSSELL E. REVIERE
WILLIAM C. BELL, JR.
JOHN D. BURLESON
GREGORY D. JORDAN
LAURA A. WILLIAMS
ROBERT O. BINKLEY, JR.
R. DALE THOMAS
DEANA C. SEYMOUR
CHARLES C. EXUM
MARTY R. PHILLIPS
DALE CONDER, JR.
TIMOTHY G. WEHNER
BRADFORD D. BOX
PATRICK W. ROGERS
ANGELA C. YOUNGBERG
MICHAEL L. MANSFIELD
MICHELLE GREENWAY SELLERS
KEELY N. WILSON
AMANDA C. WADDELL

GEOFFREY A. LINDLEY
CRAIG P. SANDERS
JONATHAN D. STEWART
JAMES V. THOMPSON
ADAM C. CRIDER
ASHLEY D. CLEEK
V. LATOSHA DEXTER
MARY MARGARET PETRINJAK
ERIN MELTON SHEA
TODD D. SIROKY
JOHN O. ALEXANDER, IV
NATHAN E. SHELBY
CORY A. BROWN
MICHAEL BURNETT JOINER
JOSHUA B. DOUGAN
A. BLAKE NEILL
MATTHEW R. COURTNER
CALEB MERIWETHER
_____
ROBERT E. ALDERSON (RET.)
CLINTON V. BUTLER, JR. (RET.)

105 SOUTH HIGHLAND AVENUE
POST OFFICE BOX 1147
JACKSON, TENNESSEE 38302-1147
731.423.2414
FAX: 731.426.8111

MORGAN KEEGAN TOWER
50 NORTH FRONT STREET, STE. 610
MEMPHIS, TENNESSEE 38103
901.333.8101
FAX: 901.577.1416

September 26, 2012

Bertha Taylor
Circuit Court Clerk Carroll County
99 Court Square, Suite 103
Huntingdon, TN 38344

Re:   Shane Jackson and Catherine Jackson
      v. Allstate Insurance Company and Huntingdon Insurance Agency
      Claim No. 0200533685
      Carroll Circuit No. 12cv23
      Our File 01400-73096

Dear Ms. Taylor:

Please find enclosed Defendant Huntingdon Insurance Agency's Motion for Summary Judgment along with the Memorandum of Law and Statement of Undisputed Material Facts to be filed in regard to the above referenced matter. I would ask that you please file the original and return the additional filed copies stamped "filed" to my office in the enclosed self-addressed stamped envelope provided for your convenience.

Should you have any questions, please feel free to contact me at my office.

Sincerely,

RAINEY, KIZER, REVIERE & BELL, P.L.C.

Jonathan Stewart, Attorney at Law
direct dial:  731.426.8109
direct fax:  731.410.1307
email:  jstewart@raineykizer.com

JDS:dct

Enclosure

cc:      Greg Minton

IN THE CIRCUIT COURT FOR CARROLL COUNTY, TENNESSEE
AT HUNTINGDON

SHANE JACKSON and
CATHERINE JACKSON,

          Plaintiffs,

v.                         Docket No. 12-cv-23

ALLSTATE INSURANCE
COMPANY, and HUNTINGDON
INSURANCE AGENCY,

          Defendants.

---

## DEFENDANT HUNTINGDON INSURANCE AGENCY'S MOTION FOR SUMMARY JUDGMENT

---

Comes now Defendant Huntingdon Insurance Agency, by and through counsel, and, pursuant to Rule 56 of the Tennessee Rules of Civil Procedure, moves this Court for summary judgment.

In support of this motion, Defendant relies upon the Memorandum of Law and the Statement of Undisputed Material Facts filed contemporaneously herewith, as well as the entire record of this cause.

Respectfully submitted,

Rainey, Kizer, Reviere & Bell, P.L.C.

By:_____
       RUSSELL E. REVIERE (#07166)
       JONATHAN D. STEWART (#23039)
       Attorneys for Defendants
       209 East Main Street
       P. O. Box 1147
       Jackson, TN  38302-1147
       (731) 423-2414

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a true copy of this pleading or document was served upon counsel Plaintiff:

Gregory W. Minton
Marc P. Murdaugh
James Stephenson, Jr.
138 Carriage House Drive
Jackson, Tennessee 38305
(731) 554-1529

by electronic service or by mailing postage prepaid or by delivery to the person or office of such counsel.

This the _26th_ day of September, 2012.

IN THE CIRCUIT COURT FOR CARROLL COUNTY, TENNESSEE
AT HUNTINGDON

SHANE JACKSON and
CATHERINE JACKSON,

               Plaintiffs,

v.                                Docket No. 12-cv-23

ALLSTATE INSURANCE
COMPANY, and HUNTINGDON
INSURANCE AGENCY,

               Defendants.

---

## DEFENDANT HUNTINGDON INSURANCE AGENCY'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

---

Comes now Defendant Huntingdon Insurance Agency ("Huntingdon"), by and through counsel, and submits the following Memorandum of Law and Facts in support of their Motion for Summary Judgment:

### I.     FACTS AND BACKGROUND

The present litigation arises out of damage that occurred at Plaintiffs' residence at 2674 Highway 220, Lavinia, Tennessee 38348, in Carroll County, Tennessee. (Compl., ¶ 4). This damage at the Plaintiff's residence was caused by an electrical fire on April 27, 2011. (Compl., ¶ 4). Prior to this occurrence, Plaintiffs had obtained a manufactured home insurance policy from Allstate Insurance Company ("Allstate") through Huntingdon. (Compl., ¶ 5, 11). Huntingdon was acting as the agent of Allstate at the time Plaintiffs procured their policy and at all times relevant to this litigation. (Compl., ¶ 11, 36). After the electrical fire, Allstate performed an investigation into the loss at issue, and the Plaintiffs received payment for some but not all of the damages they claimed. (Compl., ¶ 7).

Plaintiffs subsequently filed a lawsuit in the Circuit Court of Carroll County, Tennessee on or about April 26, 2012 against Allstate and Huntingdon bearing docket number 12CV23. Plaintiff avers that their cause of action arises out of a breach of contract in failing to pay their claim. (Compl., ¶ 15-17). Plaintiffs bring their cause of action against Defendant Huntingdon in its capacity as an agent of Allstate. (Compl., ¶ 11-14). Along with the breach of contract claim, Plaintiffs also bring a cause of action against Huntingdon for violation of the bad faith statute (T.C.A. § 56-7-105), violation of the Tennessee Consumer Protection Act (T.C.A. § 47-18-101, et seq.), and common law negligence. (Compl., ¶ 15-38).

Based on these undisputed facts, the Court should grant Defendant Huntingdon's Motion for Summary Judgment. First, as an agent, Huntingdon cannot be assigned liability for the alleged breach of contract by a disclosed principal. Second, any bad faith claim of the Plaintiffs must be brought against the insurance company itself and not the agent. Finally, the Plaintiffs' TCPA and negligence claims are unfounded because Plaintiffs have failed to show that any damages occurred as a result of Huntingdon's behavior, and further any alleged negligence of Huntingdon, as an agent, is attributable to the principal, Allstate.

## II.     LAW & ARGUMENT

### A.     Tennessee Summary Judgment Standard

Rule 56 of the Tennessee Rules of Civil Procedure provides that summary judgment is appropriate when a court determines "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. The purpose of the summary judgment process is to give a court the opportunity to look to the merits of a claim and determine if the case is one that can be decided on the legal issues

alone.  "[A] properly supported motion for summary judgment must show that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law."  <u>Martin v. Norfolk S. Ry. Co.</u>, 271 S.W.3d 76, 83 (Tenn. 2008) (citing <u>Staples v. CBL & Assocs., Inc.</u>, 15 S.W.3d 83, 88 (Tenn. 2000); <u>McCarley v. W. Quality Food Serv.</u>, 960 S.W.2d 585, 588 (Tenn. 1998)).  To meet this burden, "the moving party who does not bear the burden of proof at trial shall prevail . . . if it: "(1) Submits affirmative evidence that negates an essential element of the nonmoving party's claim; or (2) Demonstrates to the court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim."  Tenn. Code Ann. § 20-16-101.  "Once it is shown by the moving party that there is no genuine issue of material fact, the nonmoving party must then demonstrate, by affidavits or discovery materials, that there is a genuine, material fact dispute to warrant a trial."  *See* <u>Byrd v. Hall</u>, 847 S.W.2d 208, 211 (Tenn. 1993); *see also* <u>Martin</u>, 271 S.W.3d at 84.  In responding to a properly supported motion for summary judgment, the non-moving party must set forth "specific facts" to establish that there remains a genuine issue for trial.  *See* <u>Byrd</u>, 847 S.W.2d at 210.  Mere conclusory statements or generalizations will not suffice, and the non-moving party cannot simply rely on the allegations in the complaint.  <u>Id.</u> at 211; <u>Cawood v. Davis</u>, 680 S.W.2d 795, 796-97 (Tenn. Ct. App. 1984).

**B.     This court should dismiss Plaintiffs' breach of contract claim against Huntingdon because the undisputed facts show that Huntingdon was acting as an agent for Allstate, a disclosed principal.**

Under Tennessee law, the general rule states that, "a contract with a known agent for a disclosed principal is the contract of the principal unless circumstances show that an agent intended to be bound or assumed the obligations under the contract." Holt v. American Progressive Life Ins. Co., 731 S.W.2d 923, 925 (Tenn. Ct. App. 1987) (citing Hammond v. Herbert Hood Company, 221 S.W.2d 98 (Tenn. Ct. App. 1948)); see also Isabell v. Aetna Insurance Co., 495 S.W.2d 821 (Tenn. Ct. App. 1971); Driver v. Tennessee Farmers Mutual Ins. Co., 505 S.W.2d 476 (Tenn. 1974); Vulcan Life and Accident Ins. Co. v. Segars, 391 S.W.2d 393 (Tenn. 1965); Sisk v. Valley Forge Ins. Co., 640 S.W.2d 844 (Tenn. Ct. App. 1982). In *Holt v. American Progressive Life Ins. Co.*, the plaintiff brought suit against American Progressive, the administrator of an insurance plan, and against Financial Assurance, the insurer, for breach of the insurance contract and the tort of outrageous conduct. After investigating the plaintiff's claim, American Progressive denied the claim on the insurance policy issued by Financial Assurance. Holt, 731 S.W.2d at 925. In *Holt*, the court held that American Progressive should be dismissed from the claim arising from the contract of insurance on the basis that the agent did not assume any obligation to be bound by the contract of insurance. Id. at 925. Furthermore, the court based its dismissal of the action against American Progressive on the fact that they were an agent for a disclosed principal. Id.

The present case is similar to the *Holt*. In this case, Plaintiffs have not alleged that Defendant Huntingdon either intended to be bound on the contract of insurance between Plaintiffs and Defendant Allstate, or assumed any obligations under the contract of

insurance. Instead, Plaintiffs have only alleged that Huntingdon was acting as an agent for the disclosed principal, Allstate, so the resulting contract was only between the Plaintiffs and Allstate. Therefore, because there was no contract between Plaintiffs and Defendant Huntingdon, the Plaintiffs are unable to prove a necessary element of their breach of contract claim, and Defendant Huntingdon is entitled to judgment as a matter of law.

      **C.**      **This court should dismiss Plaintiffs' bad faith claim against Huntingdon because the undisputed facts show that Huntingdon is not the insurance company which is liable for the policy holder's claims.**

Codified at Tennessee Code Annotated § 56-7-105, the pertinent part of the bad faith statute states that,

> The insurance companies of this state, and foreign insurance companies and other persons or corporations doing an insurance or fidelity bonding business in this state, in all cases when a loss occurs and they refuse to pay the loss within sixty (60) days after a demand has been made by the holder of the policy or fidelity bond on which the loss occurred, shall be liable to pay the holder of the policy or fidelity bond, in addition to the loss and interest on the bond, a sum not exceeding twenty-five percent (25%) on the liability for the loss; provided, that it is made to appear to the court or jury trying the case that the refusal to pay the loss was not in good faith, and that the failure to pay inflicted additional expense, loss, or injury including attorney fees upon the holder of the policy or fidelity bond; and provided, further, that the additional liability, within the limit prescribed, shall, in the discretion of the court or jury trying the case, be measured by the additional expense, loss, and injury including attorney fees thus entailed.

Regarding this statute, the courts have held that it only applies to the insurance company that is liable to pay the claim under its policy. Holt v. American Progressive Life Ins. Co., 731 S.W.2d 923, 926 (Tenn. Ct. App. 1987). Even if an adjuster or agent does exude bad faith in denying or adjusting a claim, the bad faith is that of the disclosed principal. Id. Simply, the statutory bad faith penalty does not attach to the administrator of a policy when the liability for the claim is on the principal company that actually issued the policy. Id.

Therefore, in *Holt*, the court dismissed the bad faith claim against the adjuster because it was acting as an agent for the principal insurance company. Id.

In this case, the situation is similar to the facts of the *Holt* case in that Defendant Huntingdon is simply an agent acting on behalf of the principal. Huntingdon is not liable for the claims of the insured, but instead, that potential burden falls on Allstate. The only bad faith that the Plaintiffs have alleged is the refusal of the Defendants to pay for the amount of damages they have claimed. As stated, the only Defendant that possibly has the duty to pay the Plaintiffs' claim is Allstate. Therefore, because Defendant Huntingdon (1) is merely an agent and (2) had no liability to pay the claim, the Plaintiffs are unable to prove a necessary element of their bad faith claim, and Defendant Huntingdon is entitled to judgment as a matter of law.

**D.      This court should dismiss Plaintiffs' Tennessee Consumer Protection Act claim against Huntingdon because Plaintiffs have failed to allege any ascertainable damages that occurred as a result of Defendant Huntingdon's behavior.**

The Tennessee Consumer Protection Act provides consumers with a private right of action for any "[u]nfair or deceptive acts or practices affecting the conduct of any trade or commerce." Tenn. Code Ann. §§ 47-18-104, 109(a)(1). The main purpose of the Act is to protect consumers, and it must be liberally construed to affect that purpose. Gaston v. Tenn. Farmers Mut. Ins. Co., 120 S.W.3d 815, 822 (Tenn. 2003). However, "[i]n order to recover under the TCPA, the plaintiff must prove: (1) that the defendant engaged in an unfair or deceptive act or practice declared unlawful by the TCPA; *and* (2) that the defendant's conduct caused an 'ascertainable loss of money or property, real, personal, or mixed, or any other article, commodity, or thing of value wherever situated....'"  Tucker v. Sierra Builders, 180 S.W.3d 109, 115 (Tenn. Ct. App. 2005) (emphasis added) (quoting Tenn.

Code. Ann. § 47-18-109(a)(1)).  In <u>Ginn v. American Heritage Life Ins. Co.</u>, 173 S.W.3d 433 (Tenn. Ct. App. 2004), the court held that while the TCPA does apply to the insurance industry, an insurer is not in violation of the Act by merely denying an insured's claim based on a good faith belief.  <u>Id.</u> at 446; *see also* <u>Myint v. Allstate Ins. Co.</u>, 970 S.W.2d 920, 926 (Tenn. 1998).

In this case the Plaintiffs allege that the Defendants failed "to properly document the representations made by the Plaintiffs upon their applying for the policy."  (Compl., ¶ 27).  The Complaint additionally alleges that Defendants violated the terms of the policy by denying their claim (¶ 29), and that the claims handling procedures are in violation of the Tennessee Consumer Protection Act (¶ 30).  There is, however, no factual allegation in the Complaint that Defendant Huntingdon is or was responsible for the handling and adjustment of the Plaintiffs' claim.  Further, because Huntingdon is merely the agent of the disclosed principal—Allstate—Huntingdon cannot be liable for the handling and denial of the claim, as it is a contract issue.  *See generally* <u>Holt v. American Progressive Life Ins. Co.</u>, 731 S.W.2d 923 (Tenn. Ct. App. 1987).  Moreover, the present matter does not pertain to the taking of the application for insurance in any way.  As noted in the affidavit of Mark Bennett, Allstate did not deny this claim in any way based upon representations made by Plaintiffs in their application for insurance.  (Affidavit of Mark Bennett, ¶).  As such, the Plaintiffs have no evidence of the necessary "ascertainable damages" resulting from the alleged failure of Huntingdon to properly document their representations on the application, and, further, the conduct of Huntingdon in taking their application is impertinent to the resolution of any claims at issue.  *See* Tenn. Code. Ann. § 47-18-109(a)(1).  Therefore, because Plaintiffs have failed to allege any unfair or deceptive conduct by Huntingdon that

resulted in ascertainable damages, the Plaintiffs are unable to prove a necessary element of their TCPA claim, and Defendant Huntingdon is entitled to judgment as a matter of law.

**E.**   **This court should dismiss Plaintiffs' negligence claim against Huntingdon because Plaintiffs have failed to establish any damages that Huntingdon caused by handling the application, and, further, any alleged mistake made by Huntingdon is attributable to the principal, Allstate.**

Under Tennessee common law, a claim of negligence is established by proof of the following five elements: (1) a duty of care owed to the plaintiff; (2) conduct by the defendant that amounts to a breach of that duty; (3) an injury or loss; (4) cause in fact; and (5) legal or proximate cause. Coln v. City of Savannah, 966 S.W.2d 34, 39 (Tenn. 1998). Causation and proximate cause are two separate elements of negligence, and both must be proven by the plaintiff. McClenahan v. Cooley, 806 S.W.2d 767, 774 (Tenn. 1991). The defendant's conduct is a cause in fact of an injury if the injury would not have happened but for that conduct. Kilpatrick v. Bryant, 868 S.W.2d 594, 598 (Tenn. 1993). Further, as it relates to an insurance agent/principal relationship, "[t]he negligence or mistake of an agent acting within the scope of his authority is the responsibility of his principal, the insurance company." Vulcan Life & Acc. Ins. Co. v. Segars, 391 S.W.2d 393, 397 (Tenn. 1965) (quoting Henry v. Southern Fire & Cas. Co., 330 S.W.2d 18 (Tenn. Ct. App. 1959)); *see also* Bland v. Allstate Ins. Co., 944 S.W.2d 372, 376 (Tenn. Ct. App. 1996) (holding that any misrepresentations made by the insurance agent are attributable to the principal, the insurance company).

In the present case, Plaintiffs allege that Huntingdon was negligent in the completion and processing of the application for insurance, which resulted in the damages they sustained from having their full claim denied. (Compl., ¶ 33-35). Here the

reason that Plaintiffs' negligence claim against Huntingdon should be dismissed is two-fold. First, the Plaintiffs are unable to show that the damages resulted from any action taken by Huntingdon with regard to the application. As noted in the affidavit of Mark Bennett, Allstate did not deny Plaintiffs' claim based upon anything to do with the application. (Affidavit of Mark Bennett).    Therefore, Plaintiffs cannot establish that Huntingdon breached a duty of care or that damages resulted from their actions in connection with the application for insurance. The application simply does not factor into this litigation. Second, as noted in the case law above, even in the event that Huntingdon was negligent in completing the application or making any misrepresentations to the Plaintiffs, that negligence would be attributable to the principal, Allstate, as Huntingdon was acting within the scope of its authority.   Therefore, because Plaintiffs have failed to establish a breach of duty or damages resulting there from, the Plaintiffs are unable to prove a necessary element of their negligence claim, and Defendant Huntingdon is entitled to judgment as a matter of law.

### III.    CONCLUSION

Defendant Huntingdon respectfully requests that this Court grant its Motion for Summary Judgment.  Plaintiffs have failed to prove various elements of their claims against Huntingdon, and other elements of their claims are negated by the fact that Huntingdon is and always was acting as an agent for their principal, Defendant Allstate.  This Court, therefore, should grant Huntingdon's Motion for Summary Judgment because Huntingdon is entitled to judgment as a matter of law on all of Plaintiffs' claims.

Respectfully submitted,

RAINEY, KIZER, REVIERE & BELL, P.L.C.

By:_____
        RUSSELL E. REVIERE (#07166)
        JONATHAN D. STEWART (#23039)
        Attorneys for Defendants
        209 East Main Street
        P. O. Box 1147
        Jackson, TN  38302-1147
        (731) 423-2414

## CERTIFICATE OF SERVICE

        The undersigned certifies that a true copy of this pleading or document was served upon counsel Plaintiff:

        Gregory W. Minton
        Marc P. Murdaugh
        James Stephenson, Jr.
        138 Carriage House Drive
        Jackson, Tennessee 38305
        (731) 554-1529

by electronic service or by mailing postage prepaid or by delivery to the person or office of such counsel.

        This the _____ day of September, 2012.

        _____

IN THE CIRCUIT COURT FOR CARROLL COUNTY, TENNESSEE
AT HUNTINGDON

**SHANE JACKSON and
CATHERINE JACKSON,**

            Plaintiffs,

v.                                          **Docket No. 12-cv-23**

**ALLSTATE INSURANCE
COMPANY, and HUNTINGDON
INSURANCE AGENCY,**

            Defendants.

---

## DEFENDANT HUNTINGDON INSURANCE AGENCY'S STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

---

Comes now Defendant Huntingdon Insurance Agency ("Huntingdon"), by and through counsel, and submits the following Statement of Undisputed Material Facts in support of their Motion for Summary Judgment:

1.      On April 27, 2011, an electrical fire caused damage to the Plaintiffs' residence at 2674 Highway 220, Lavinia, Tennessee 38348, in Carroll County, Tennessee. (Compl., ¶ 4).

**RESPONSE:**

2.      At all times pertinent hereto, Defendant Allstate Insurance Company ("Allstate") was and is a domestic insurance company authorized to do and doing business within the State of Tennessee in the city of Huntingdon, Carroll County, Tennessee. (Compl., ¶ 2).

**RESPONSE:**

       3.      At all times pertinent hereto, Defendant Huntingdon was and is an insurance agent with its office in and doing business in Huntingdon, Carroll County, Tennessee. (Compl., ¶ 3).

**RESPONSE:**

       4.     Prior to this occurrence, Plaintiffs had obtained a manufactured home insurance policy from Allstate with Huntingdon acting as Allstate's agent. (Compl., ¶ 5, 11).

**RESPONSE:**

       5.     Huntingdon was acting as the insurance agent of the disclosed principal, Allstate, at the time Plaintiffs procured their policy and at all times pertinent to this litigation. (Compl., ¶ 11, 36).

**RESPONSE:**

       6.     At the time of the Plaintiffs' loss, the insurance policy was in full force and effect. (Compl., ¶ 6).

**RESPONSE:**

       7.     After the electrical fire, Allstate performed an investigation into the loss at issue, and the Plaintiffs received payment for some but not all of the damages they claimed. (Compl., ¶ 7).

**RESPONSE:**

       8.     Allstate did not deny this claim, or refuse to make any payments, in any way based upon representations made by Plaintiffs in their application for insurance. (Affidavit of Mark Bennett, ¶ 6)(Copy attached hereto as **Exhibit 1**).

**RESPONSE:**

9.      Plaintiff avers that their cause of action arises out of a breach of contract in failing to pay their claim. (Compl., ¶ 15-17).

**RESPONSE:**

10.     Along with the breach of contract claim, Plaintiffs also bring a cause of action against Huntingdon for violation of the bad faith statute (T.C.A. § 56-7-105), violation of the Tennessee Consumer Protection Act (T.C.A. § 47-18-101, et seq.), and common law negligence. (Compl., ¶ 15-38).

**RESPONSE:**

Respectfully submitted,

RAINEY, KIZER, REVIERE & BELL, P.L.C.

By:_____
     RUSSELL E. REVIERE (#07166)
     JONATHAN D. STEWART (#23039)
     Attorneys for Defendants
     209 East Main Street
     P. O. Box 1147
     Jackson, TN  38302-1147
     (731) 423-2414

## CERTIFICATE OF SERVICE

The undersigned certifies that a true copy of this pleading or document was served upon counsel Plaintiff:

Gregory W. Minton
Marc P. Murdaugh
James Stephenson, Jr.
138 Carriage House Drive
Jackson, Tennessee 38305
(731) 554-1529

by electronic service or by mailing postage prepaid or by delivery to the person or office of such counsel.

This the _26th_ day of September, 2012.

Exhibit 1

IN THE CIRCUIT COURT FOR CARROLL COUNTY, TENNESSEE
AT HUNTINGDON

SHANE JACKSON and
CATHERINE JACKSON,

   Plaintiffs,

v.          Docket No. 12-cv-23

ALLSTATE INSURANCE
COMPANY, and HUNTINGDON
INSURANCE AGENCY,

   Defendants.

---

### AFFIDAVIT OF MARK BENNETT

---

STATE OF _Tennessee_

COUNTY OF _Carroll_

Comes now the affiant, Mark Bennett, and after being duly sworn states under oath as follows:

1. I am over eighteen years of age and have personal knowledge of the facts set forth in this affidavit.

2. I am a Litigation Claim Service Adjuster employed by Allstate Insurance Company ("Allstate").

3. Allstate began working with Plaintiffs Shane and Catherine Jackson ("Plaintiffs") on April 27, 2011, to handle their fire loss claim for their residence at 2674 Highway 220, Lavinia, Tennessee 38348, in Carroll County, Tennessee

4. Allstate performed an investigation into the Plaintiffs' fire loss claim, and the Plaintiffs received payment the damages to the home.

5.    Plaintiffs subsequently filed a lawsuit in the Circuit Court of Carroll County, Tennessee on or about April 26, 2012 against Allstate and Huntingdon Insurance Agency bearing docket number 12CV23.

6.    Allstate did not deny the Plaintiffs' claim, or refuse to make any payments, in any way based upon representations made by Plaintiffs in their application for insurance.


Further affiant saith not.

_____
MARK BENNETT


STATE OF _Tennessee_

COUNTY OF _Carroll_

Personally appeared before me, Mark Bennett, with whom I am personally acquainted and who signed the foregoing Affidavit in my presence and, under oath, stated that he had personal knowledge of the facts contained in the foregoing Affidavit and that those facts were true and correct, to the best of his knowledge.

Sworn to and subscribed before me, the undersigned Notary Public, in and for the aforesaid state and county on this the _14_ day of _Sept_ , 2012.

_____
NOTARY PUBLIC

My Commission Expires: _12-21-13_ .

```
OFFICIAL SEAL
CAROL BEERS
Notary Public - State of Illinois
My Commission Expires Dec 21, 2013
```

IN THE CIRCUIT COURT FOR CARROLL COUNTY, TENNESSEE
AT HUNTINGDON

SHANE JACKSON and
CATHERINE JACKSON,

     Plaintiffs,

v.                Docket No. 12 CV 23

ALLSTATE INSURANCE
COMPANY, and HUNTINGDON
INSURANCE AGENCY,

     Defendants.

FILED 2:49

CASE # _____
A.M.   NOV 1 3 2012  P.M.

BERTHA TAYLOR, CLERK
CARROLL CO CIRCUIT CLERK
BY: _____

---

NOTICE OF HEARING ON MOTION FOR SUMMARY JUDGMENT

---

TO:   Gregory W. Minton
      Marc P. Murdaugh
      James Stephenson, Jr.
      138 Carriage House Drive
      Jackson, Tennessee 38305
      (731) 554-1529

Please take notice that Defendants, by and through counsel, will appear

before the Honorable Judge of the Circuit Court of Carroll County, Tennessee, on

January 4, 2013, at 9:00 a.m., at Circuit Court of Carroll County, for a hearing on

Defendants' previously filed Motion for Summary Judgment.

             Respectfully submitted,

             RAINEY, KIZER, REVIERE & BELL, P.L.C.

             By: _____

             RUSSELL E. REVIERE (#07166)
             Attorney for Defendants (#23039)
             209 East Main Street
             P. O. Box 1147
             Jackson, TN  38302-1147
             (731) 423-2414

01400-73096

# CERTIFICATE OF SERVICE

The undersigned certifies that a true copy of this pleading or document was served upon counsel Plaintiff:

Gregory W. Minton
Marc P. Murdaugh
James Stephenson, Jr.
138 Carriage House Drive
Jackson, Tennessee 38305
(731) 554-1529

by mailing postage prepaid or by delivery to the person or office of such counsel.

This the _____ day of November, 2012.

## IN THE CIRCUIT COURT FOR CARROLL COUNTY, TENNESSEE
## AT HUNTINGDON

SHANE JACKSON and
CATHERINE JACKSON,

        Plaintiffs,

v.

        Docket No. 12-cv-23

ALLSTATE INSURANCE
COMPANY, and HUNTINGDON
INSURANCE AGENCY,

        Defendants.



FILED
CASE #_____
A.M
9:54   JAN 3 1 2013   P.M.
BERTHA TAYLOR, CLERK
CARROLL CO. CIRCUIT CLERK
BY:_____

---

## FINAL ORDER GRANTING DEFENDANT HUNTINGDON INSURANCE AGENCY'S MOTION FOR SUMMARY JUDGMENT

---

      Defendant Huntingdon Insurance Agency came before this Court on Friday, January 04, 2013 on its Motion for Summary Judgment.  Plaintiff did not file a response to said Motion or contest the issues presented in Defendant's Motion for Summary Judgment.  The Motion for Summary Judgment of Huntingdon Insurance Agency is, therefore, well taken:

      IT IS ORDERED that Defendant Huntingdon Insurance Agency's Motion for Summary Judgment is granted and said Defendant is dismissed from the present litigation with prejudice.

      IT IS FURTHER ORDERED subject to Rule 54.02 of the Tennessee Rules of Civil Procedure that there exists no just reason for delay of entry of this Order as a final adjudication of all claims against Huntingdon Insurance Agency and it is expressly ordered that this operate as a final adjudication on the merits, and is a final order, of all claims against said Defendant.

Entered this the 31st day of ___JANUARY___ 2013.

_____
JUDGE

Respectfully submitted,

_____
RUSSELL E. REVIERE (07166)
JONATHAN D. STEWART (23039)
Attorneys for Defendant
Huntingdon Insurance Agency
209 East Main Street
PO Box 1147
Jackson, TN 38302-1147

**CERTIFICATE OF SERVICE**

The undersigned certifies that a true copy of this pleading or document was served upon counsel Plaintiff:

Gregory W. Minton
138 Carriage House Drive
Jackson, Tennessee 38305
(731) 554-1529

by mailing postage prepaid or by delivery to the person or office of such counsel.

This the 30th day of January, 2013.

_____